Alfred McZeal, Jr.
13152 LABURNUM DR.
Tustin, Ca. 92780
(832) 623-4418
almczeal@gmail.com

FILED
**April 15, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

# UNITED STATES BANKRUPTCY COURT

## FOR THE MIDDLE DISTRICT OF PENNSLYVANIA

**Adversary Case No.** 5:25-ap-00017-MJC

**LEAD BK CASE NO.** 24-00457 (CH. 13)

, 

**PAIGE KILBURN**
Plaintiff(s),

vs.

),

Defendant(s).

**GEDDES SEAN SCHUBERT GIBBS**,
**ALFRED MCZEAL, JR.**, individually and
as Trustee of the
**HOUSTON REAL ESTATE BUSINESS
TRUST**,
Defendants.

**MOTION TO DISMISS
ADVERSARY COMPLAINT
PURSUANT TO FRCP 12(b)(1),
(2), (3), and (6)**

○ **NOTICE OF MOTION TO DISMISS ADVERSARY COMPLAINT**

**PURSUANT TO FRCP 12(b)(1), (2), (3), and (6)**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant **Alfred McZeal, Jr.**, individually and as Trustee of the **Houston Real Estate Business Trust**, hereby moves the Court to **dismiss the Adversary Complaint** filed by Plaintiff **Paige Kilburn**, pursuant to **Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6)**, as made applicable by **Federal Rule of Bankruptcy Procedure 7012**.

- 1 -

This Motion is made on the grounds that:

1. The Court lacks **subject matter jurisdiction** over the claims;

2. The Court lacks **personal jurisdiction** over the Defendant;

3. **Venue is improper** in the Middle District of Pennsylvania;

4. The Complaint fails to state a claim upon which relief can be granted;

5. The relief sought violates Defendant's **constitutional rights** and improperly attempts to interfere with litigation and property interests pending in California.

This Motion is based on the accompanying Memorandum of Points and Authorities, any declarations submitted in support, the pleadings and papers on file, and any oral argument permitted by the Court

DATED April 14, 2025

_Alfred McZeal, Jr._
Alfred McZeal, Jr.
In Pro Per

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF PENNSYLVANIA
(WILKES-BARRE DIVISION)

---

**PAIGE KILBURN**,
    Plaintiff,

       **Adversary Case No.** 5:25-ap-00017-MJC

       **Lead BK Case No.** 24-00457 (Ch. 13)

v.

**GEDDES SEAN SCHUBERT GIBBS**,
**ALFRED MCZEAL, JR.**, individually and as Trustee of the
**HOUSTON REAL ESTATE BUSINESS TRUST**,
Defendants.

---

## I. INTRODUCTION

Defendant Alfred McZeal, Jr., individually and as Trustee of the Houston Real Estate Business Trust, respectfully moves this Court to dismiss the Adversary Complaint filed by Plaintiff Paige Kilburn, on the basis that this Court lacks jurisdiction over both the parties and the subject matter, that venue is improper, and that the complaint fails to state any claim upon which relief can be granted.

The adversary proceeding improperly seeks extraordinary injunctive relief related to California real property — relief that this Court has no jurisdiction to grant. All factual and legal connections are rooted in **Orange County, California**, and not the **Middle District of Pennsylvania**. The proceeding constitutes an

abuse of process designed to disrupt ongoing litigation in California and to restrict Defendant's constitutional right to access the courts.

## II. LEGAL STANDARD

Under **Federal Rule of Bankruptcy Procedure 7012**, the Court may apply **Federal Rules of Civil Procedure 12(b)(1), (2), (3), and (6)** in adversary proceedings:

- **12(b)(1):** Dismissal for lack of subject matter jurisdiction
- **12(b)(2):** Dismissal for lack of personal jurisdiction
- **12(b)(3):** Dismissal for improper venue
- **12(b)(6):** Dismissal for failure to state a claim

Each of these independently supports dismissal here.

## III. ARGUMENT

A. **This Court Lacks Subject Matter Jurisdiction (Rule 12(b)(1))**

This adversary proceeding does not arise under Title 11, nor does it arise in or relate to the bankruptcy estate of **Geddes Gibbs**. The complaint concerns **real property ownership, title instruments, and litigation history in California** — none of which bear a close nexus to the bankruptcy case.

The Third Circuit has emphasized that "related to" jurisdiction under § 1334 is limited to matters that could conceivably affect the administration of the estate. See *In re Resorts Int'l, Inc.*, 372 F.3d 154, 162–63 (3d Cir. 2004). That standard is not satisfied here.

- 4 -

B. **This Court Lacks Personal Jurisdiction Over Defendant (Rule 12(b)(2))**

Defendant **resides in California**, owns no property in Pennsylvania, and has conducted no business in this forum. He has not consented to jurisdiction and was drawn into this proceeding solely by service of process. The assertion of jurisdiction violates fundamental due process. See *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); *Daimler AG v. Bauman*, 571 U.S. 117 (2014).

C. **Venue Is Improper (Rule 12(b)(3))**

All material events took place in **Orange County, California**. The real property is located there; the prior and ongoing litigation is there; and Plaintiff's causes of action stem from activity in that jurisdiction. Pursuant to 28 U.S.C. § 1409(d), venue lies where the property or the acts complained of occurred — **not** in this District. See also *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183–84 (1979).

D. **The Complaint Fails to State a Claim (Rule 12(b)(6))**

Even if jurisdiction and venue existed (they do not), the Complaint is legally defective. Plaintiff fails to allege any facts supporting a legally recognized cause of action. She seeks a **nationwide pre-filing injunction** — a remedy disfavored and rarely granted, and only with detailed findings of abusive litigation. See *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). No such findings exist here.

Additionally, the relief sought violates Defendant's **First and Fourteenth Amendment rights** by attempting to bar his access to courts. See *Christopher v. Harbury*, 536 U.S. 403 (2002).

## IV. CONCLUSION

This adversary proceeding is an improper and constitutionally defective collateral attack on unrelated state litigation, cloaked in bankruptcy jurisdiction. The Court has **no personal or subject matter jurisdiction**, and the complaint **fails to state any viable claim**. Venue is plainly improper.

Accordingly, Defendant **respectfully requests** that the Court:

1. **DISMISS the Adversary Complaint** with prejudice pursuant to Rules 12(b)(1), (2), (3), and (6);
2. Award such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

**Dated: April 14, 2025**

*Alfred McZeal, Jr.*
**Alfred McZeal, Jr.**
**Defendant, Pro Se**
13152 Laburnum Drive
Tustin, CA 92780
Phone: (832) 623-4418
almczeal@gmail.com

## UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF PENNSYLVANIA
### (WILKES-BARRE DIVISION)

---

**PAIGE KILBURN,**
Plaintiff,
v.
**GEDDES SEAN SCHUBERT GIBBS,**
**ALFRED MCZEAL, JR.**, individually and as Trustee of the
**HOUSTON REAL ESTATE BUSINESS TRUST**,
Defendants.

**Adversary Proceeding No.** 5:25-ap-00017-MJC

---

## *CERTIFICATE OF SERVICE*

I, **Alfred McZeal, Jr.**, certify and declare as follows:

That I have caused to be served a copy of the NOTICE OF MOTION AND

**MOTION TO DISMISS ADVERSARY  CASE (WITH PREJUDICE)**

By the following method(s):

(✓) ELECTRONIC FILING VIA CM/ECF SYSTEM, EMAIL

Pursuant to Local Rule and applicable EDDS procedures, I electronically filed the documents with the Clerk of the U.S. Bankruptcy Court using the EDDS system, which sent notification of such filing to all registered EDDS participants, including:

- **John William Burns**
  Gordon & Rees LLP
  707 Grant Street, Suite 3800
  Pittsburgh, PA 15219
  Email: jburns@grsm.com
  **Attorney for Plaintiff Paige Kilburn**

(✓) U.S. MAIL – FIRST CLASS, EMAIL, AND EDDS, EMAIL

A true and correct copy of the above-listed documents was also mailed via first-class U.S. mail, postage prepaid, to:

- **John William Burns**
  Gordon & Rees LLP

- 7 -

707 Grant Street, Suite 3800
Pittsburgh, PA 15219

- **Geddes Sean Schubert Gibbs** (Co-Defendant)
  59 Coach Road
  Stroudsburg, PA 18360

---

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: 4/14/2025

Tustin, California

*Alfred McZeal, Jr.*
/s/ **Alfred McZeal, Jr.**
**Alfred McZeal, Jr.**
Defendant, Pro Se
Phone: (832) 623-4418
Email: [Insert Email if used for service]

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF PENNSYLVANIA
(WILKES-BARRE DIVISION)

---

**IN RE:**
**GEDDES SEAN SCHUBERT GIBBS**, Debtor
**Lead Case No.** 5:24-bk-00457-MJC (Chapter 13)

---

**PAIGE KILBURN**,
Plaintiff,
v.
**GEDDES SEAN SCHUBERT GIBBS**,
**ALFRED MCZEAL, JR.**, individually and as Trustee of the
**HOUSTON REAL ESTATE BUSINESS TRUST**,
Defendants.

**Adversary Proceeding No.** 5:25-ap-00017-MJC

---

## *[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT*

---

The Court, having considered the Motion to Dismiss filed by Defendant **Alfred McZeal, Jr.**, individually and as Trustee of the **Houston Real Estate Business Trust**, pursuant to **Federal Rules of Civil Procedure 12(b)(1), (2), (3), and (6)**, as incorporated by **Federal Rule of Bankruptcy Procedure 7012**, and after reviewing all related papers and arguments presented:

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss is **GRANTED**;

2. The Adversary Complaint filed by Plaintiff **Paige Kilburn** is hereby

**DISMISSED WITH PREJUDICE** on the following grounds:

o  Lack of subject matter jurisdiction (Rule 12(b)(1));

o  Lack of personal jurisdiction (Rule 12(b)(2));

o  Improper venue (Rule 12(b)(3));

o  Failure to state a claim upon which relief can be granted (Rule 12(b)(6));

3. No further relief is granted at this time.

IT IS SO ORDERED.

Dated: _____

_____

**Hon. Mark J. Conway**

United States Bankruptcy Judge
Middle District of Pennsylvania